IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| YETI COOLERS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 1-15-CV-415  RP |
| | § | |
| BEAVERTAIL PRODUCTS, LLC, | § | |
| INNOVATIVE OUTDOOR SOLUTIONS, INC., | § | |
| RHINO, INC., OTTER OUTDOORS, LLC, | § | |
| WAVE ARMOR, LLC, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are Defendants' Motion to Dismiss, or in the Alternative, to Transfer to the District of Minnesota, filed June 8, 2015 (Clerk's Dkt. #9); and the responsive pleadings thereto, including Plaintiff's Request for Hearing on Defendants' Motion to Dismiss, filed June 22, 2015 (Clerk's Dkt. #12).  After reviewing the parties' pleadings, relevant case law, as well as the entire case file, the Court issues the following order.

### I. BACKGROUND

Plaintiff YETI Coolers, LLC ("YETI") brings this action against Beavertail Products, LLC ("Beavertail"), Beavertail's parent company Innovative Outdoor Solutions, Inc. ("IOS"), Rhino, Inc. ("Rhino"), Otter Outdoors, LLC ("Otter"), and Wave Armor, LLC ("Wave Armor").  YETI describes itself as having continuously engaged in the development, manufacture, and sale of premium, heavy-duty coolers for almost ten years.  According to YETI, its trademarked designs are a well-known indicator of quality and have become famous.  (Compl. ¶ 14).  More specifically, YETI alleges its Tundra cooler has a number of distinctive ornamental and functional features which YETI has taken steps to legally protect by way of utility and design patents.  (*Id*. ¶¶ 15-23).

YETI alleges Defendants have advertised and offered for sale coolers which are confusingly similar to YETI's designs without authorization from YETI.  (*Id*. ¶¶ 24-30).  YETI states it has

informed Defendants of their allegedly infringing conduct by letter dated February 20, 2015 from YETI's counsel to Beavertail.  According to YETI, Defendants have nonetheless refused to cease marketing, offering for sale and selling the allegedly infringing coolers.  (*Id*. ¶¶ 31-33).

Plaintiff asserts claims of trade dress dilution under Texas law; trade dress infringement, unfair competition, false designation of origin, trade dress dilution under the Lanham Act; patent infringement; common law trademark infringement, common law unfair competition; common law misappropriation; and unjust enrichment.  Plaintiff seeks injunctive relief, as well as monetary damages, attorney's fees and costs.

Defendants have now moved to dismiss this action in favor of an action pending in federal district court in Minnesota, or alternatively to transfer this action to the Minnesota court.  Plaintiff has filed a response, as well as a motion seeking a hearing on Defendants' motion.

## II.  APPLICABLE LAW

"Courts in the Fifth Circuit generally follow a 'first-filed rule' in deciding which Court should maintain jurisdiction over claims that arise out of the same subject matter but are pressed in different suits." *Igloo Prods. Corp. v. The Mounties, Inc.*, 735 F. Supp. 214, 217 (S.D. Tex. 1990). "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *International Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 677-78 (5th Cir. 2011) (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999)).  The rule is "grounded in principles of comity" under which federal courts have recognized "courts of coordinate jurisdiction and equal rank [should] exercise care to avoid interference with each others' affairs." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). *See W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985) (noting circuit recognizes principles underlying first-filed rule).  The three primary concerns of the first-filed rule are to "avoid

the waste of duplication, to avoid rulings which may trench upon the authority of sister courts; and to avoid piecemeal resolution of issues that call for a uniform result." *Sweet Little Mexico*, 665 F.3d at 678 (quoting *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir.1997)).

Application of the first-filed rule is discretionary. *Cadle*, 174 F.3d at 603 (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183-84 (1952)). In determining whether to dismiss an action, the court must examine: (1) whether the two pending actions are so duplicative or involve substantially similar issues that one court should decide the issues; and (2) which of the two courts should resolve the case. *Sutter,* 125 F.3d at 920. *See Sweet Little Mexico*, 665 F.3d at 678 (rule does not require identical cases, crucial inquiry is one of "substantial overlap"). However, "[o]nce the likelihood of substantial overlap between the two suits has been demonstrated, it is no longer up to the second-filed court to resolve the question of whether both should be allowed to proceed." *Cadle*, 174 F.3d at 605-06. Instead, "the proper course of action [is] for the [second-filed] court to transfer the case" to the first-filed court. *Id.* at 606. It is then the responsibility of the first-filed court to decide "whether the second suit filed must be dismissed, stayed, or transferred and consolidated." *Sutter*, 125 F.3d at 920.

### III.  DISCUSSION

The parties agree Beavertail, its parent company IOS, and Rhino, the manufacturer of the allegedly infringing coolers, filed a declaratory judgment against YETI on March 5, 2015 in the District of Minnesota ("Minnesota Action"). Defendants maintain that the Minnesota Action is the "first-filed case" and thus this case should either be dismissed or transferred to Minnesota.

Plaintiff argues transfer is inappropriate because the "first-filed rule" is not an absolute rule. Plaintiff first contends the "rule" does not apply in this case because the Minnesota Action is a declaratory judgment action and was filed preemptively so as to prevent YETI from litigating in its

preferred forum.¹  However, the filing of a declaratory judgment action in a court with jurisdiction to hear the dispute is "not in itself improper anticipatory litigation." *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 391 (5th Cir. 2003) (addressing propriety of dismissal of federal declaratory judgment action in favor of pending state court action).  Plaintiff points out "[a] district court may consider a party's intention to preempt another's infringement suit when ruling on the dismissal of a declaratory action." *Micron Tech., Inc. v. Mosaid Tech., Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008). *See also In re Foundations Worldwide, Inc.*, 542 F. App'x 998, 999 (Fed. Cir. 2013) (noting courts may consider whether first filed action was anticipatory suit).  However, the very case cited by Plaintiff also states "[t]he considerations affecting transfer to or dismissal in favor of another forum do not change simply because the first-filed action is a declaratory action." *Micron Tech.*, 518 F.3d at 904 (quoting *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993)).

Defendants correctly note the cases on which Plaintiff relies suggest the appropriate inquiry is whether the party filing the declaratory action was acting inequitably and intending to preempt another party's suit.  *See In re Foundations*, 542 F. App'x at 999 (noting district court dismissed first-filed case because of petitioners' "inequitable conduct"); *Serco Servs. Co., L.P. v. Kelley Co.*, 51 F.3d 1037, 1040 (Fed. Cir. 1995) ("we cannot say" district court abused its discretion in considering intent of party in filing preemptive suit).  Defendants maintain their filing of the Minnesota Action was not for an improper purpose, but rather a response to YETI's February 2015 letter.  The letter demanded that Beavertail, by March 6, 2015, provide written confirmation that it had ceased manufacture and sale of allegedly infringing coolers and a full accounting of all prior

---

¹ Plaintiff also suggest in a supplemental filing that forum selection clauses included in contracts entered into in 2009 and 2012 by YETI and Rhino governs venue in this case.  According to YETI, the contracts were executed to explore the possibility of Rhino manufacturing coolers for YETI and mandated venue in Texas for resolution of disputes arising out of or related to the contracts.  YETI admits it has not asserted a breach of contract claim, but states "investigation into such a claim is ongoing." (Plf. Supp. at 2).  The Court notes, however, that YETI affirmatively states in its response to Defendants' motion that "[t]his dispute revolves exclusively around Defendants' infringement of YETI's intellectual property. (Plf. Resp. at 1).  Moreover, the contracts did not involve any other defendant.  The Court thus declines to find the forum selection clauses mandate venue over this action in Texas.

sales.  (Def. Mot. to Dism. Ex. A-1).  According to Defendants, they believe YETI's intellectual property claims are likely invalid and filed the Minnesota Action as protection against YETI's improper demands.  (Def. Mot. to Dism. at 3; Reply at 8).  Plaintiff points to nothing, other than the timing of Defendants' filing of the Minnesota Action, to show Defendants have acted inequitably.  The Court thus does not find Defendants' conduct weighs in favor of denying their motion.  *See Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971) (first-filed rule applies absent "compelling circumstances").

Plaintiff also contends the rule is inapplicable because the Minnesota Action does not involve the identical defendants or causes of action at issue in this action.  Plaintiff has filed its answer in the Minnesota Action, and also asserted counterclaims against Beavertail, IOS and Rhino.  (Def. Mot. to Dism. Ex. A-5).  The counterclaim pleading is virtually identical to the complaint filed by YETI in this action, with two main differences.  Namely, YETI does not assert affirmative claims against Wave Armor or Otter.  Nor does YETI assert claims for trade dress dilution under Texas law, for common law misappropriation or for unjust enrichment.

As an initial matter, the Court notes identity of issues and defendants is not required, rather the crucial inquiry is one of "substantial overlap."  *Sweet Little Mexico*, 665 F.3d at 678.  Although there are some differences, the two cases involve three identical defendants.  And, according to Plaintiff's complaint, the two additional defendants named in this action share the same principal place of business as the other defendants.  (Compl. ¶ 7).

In addition, the core issue in both cases is YETI's contention that it is entitled to patent, trademark and trade dress protection for its Tundra coolers.  *See Needbasedapps, LLC v. Robbins Research Int'l, Inc.*, 926 F. Supp. 2d 907, 914 (W.D. Tex. 2013) (finding substantial overlap where cases involved "the same fight over who owns the applications and related intellectual property").  *See also Sweet Little Mexico*, 665 F.3d at 678 (proper factors to consider in deciding if substantial overlap exists include whether core issue was the same).  Also significant in this case is the fact

that YETI sought transfer of the Minnesota Action to Texas, but the Minnesota court declined to do so. (Notice of Order, Clerk's Dkt. #24). Retention of this case in Texas would thus run afoul of the purposes of the first-filed rule – to avoid interference with another court's authority, the waste of duplication and piecemeal resolution of issues. *Sweet Little Mexico*, 665 F.3d at 678.

Plaintiff finally suggests this Court should reject Defendants' request to transfer this action because the factors governing transfer under 28 U.S.C. § 1404(a) weigh in favor of keeping this action in Texas. *See* 28 U.S.C. § 1404(a) (court may transfer case for convenience of parties and witnesses). Plaintiff's argument urges a misapplication of the first-filed rule under Fifth Circuit precedent. As set forth above, once substantial overlap is found between the two cases, the proper course of action for the second-filed court is to transfer the case to the first-filed court. *See Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1161 n.28 (5th Cir. 1992) (absent compelling circumstances, first-filed court should be one to decide whether it will try case). As the Fifth Circuit has made clear, the 'first-to-file rule' not only determines which court may decide the merits of substantially similar cases, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated." *Sutter Corp.*, 125 F.3d at 920. Thus, as our sister court has stated "the Fifth Circuit made clear that it is the first-filed court, not this court, that should make the § 1404(a) determination." *Twin City Ins. Co. v. Key Energy Servs., Inc.*, 2009 WL 1544255, at *6 (S.D. Tex. June 2, 2009). Accordingly, the Court concludes this action should be transferred to the District of Minnesota.

### III.  CONCLUSION

The Court hereby **GRANTS IN PART** Defendants' Motion to Dismiss, or in the Alternative, to Transfer to the District of Minnesota (Clerk's Dkt. #9), **TRANSFERS** this action to the United States District Court for the District of Minnesota, and **DENIES** all other requested relief. The Court further **DISMISSES AS MOOT** Plaintiff's Request for Hearing on Defendants' Motion to Dismiss

(Clerk's Dkt. #12).

      **SIGNED** on August 12, 2015.

                          ROBERT L. PITMAN
                          UNITED STATES DISTRICT JUDGE